UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHARLOTTE L. FRANKLIN-SAMUELS,<br>    Plaintiff, | Case No. 1:22-cv-775<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| SOCIAL SECURITY<br>ADMINISTRATION, et al.,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

This matter is before the Court on plaintiff's motion to reopen the case. (Doc. 8).

On January 6, 2023, the undersigned issued a Report recommending that plaintiff's complaint be dismissed. (Doc. 4). The undersigned concluded that the allegations in the complaint were insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction. (*Id*.). On January 19, 2023, the District Judge overruled plaintiff's objections; adopted the Report and Recommendation; and dismissed plaintiff's complaint with prejudice. (Doc. 6).

On October 31, 2023, plaintiff filed the instant motion to reopen case. (Doc. 8). The motion states, in its entirety, "By the power invested in me, through Jesus Christ and God Almighty, I ask the court to reopen my case." (*Id*.).

Because final judgment has been entered and this case has been terminated on the Court's docket (Docs. 6, 7), plaintiff's motion is properly construed as a motion for relief from a final judgment pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). It is well-established that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989). *See also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

Plaintiff has not addressed any of the six reasons set forth in Rule 60(b) to justify relief from judgment in this case. Nor has she alleged any facts which suggest that relief from judgment is warranted. Therefore, plaintiff's motion to reopen, which the Court construes as a motion for relief from judgment, should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to reopen the case (Doc. 8) be **DENIED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 11/21/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLOTTE L. FRANKLIN-SAMUELS,
    Plaintiff,

vs.

SOCIAL SECURITY
ADMINISTRATION, et al.,
    Defendants.

Case No. 1:22-cv-775

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).